UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ENERGY WEST, INCORPORATED,

                Plaintiff,

v.

UNITED STATES POWER FUND, L.P.,

                Defendant.

Civ. No. 1:09-cv-00591
Judge Christopher A. Boyko

**ANSWER**

Defendant United States Power Fund, L.P. ("USPF"), by and through its attorneys, for its Answer to the Complaint of Plaintiff Energy West, Incorporated ("EW"), alleges as follows:

## JURISDICTION AND VENUE

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, except admits that EW purports to base jurisdiction on the statute referred to in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that EW purports to base venue on the statute referred to in paragraph 2 of the Complaint.

## PRELIMINARY ALLEGATIONS

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Denies the allegations contained in paragraph 5 of the Complaint, except admits that USPF is a Limited Partnership formed under the laws of Delaware with offices located at One Penn Plaza, Suite 3306, 250 West 34th Street, New York, New York.

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that USPF invests in various companies, including companies involved in the power industry.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that USPF entered into a loan agreement with Loring BioEnergy ("LBE") in 2005 and that this loan agreement was memorialized by certain documents including a Development Loan Agreement ("Loan Agreement") and an Equity Option Agreement ("Option Agreement"; collectively, "Agreements"), and refers to the terms of the Agreements for the true and complete contents thereof.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that USPF and LBE executed the Agreements, and refers to the terms of the Agreements for the true and complete contents thereof.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that USPF distributed certain loan proceeds to LBE.

10. Denies the allegations contained in paragraph 10 of the Complaint, except admits that certain extensions to the maturity date of the loan were agreed upon by USPF and LBE.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that in 2008 negotiations began between USPF and EW, whereby USPF would assign or transfer certain interests under the Agreements to EW.

12. Denies the allegations contained in paragraph 12 of the Complaint, except admits that USPF could not assign or transfer the Loan Agreement to any third party without LBE's

consent, and refers to the terms of the Loan Agreement for the true and complete contents thereof.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint, except admits that USPF and EW entered into a Term Sheet in October 2008, admits that the Complaint purports to attach as Exhibit "A" a copy of the Term Sheet, and refers to the terms of the Term Sheet for the true and complete contents thereof.

16. Denies the allegations contained in paragraph 16 of the Complaint, except admits that the Term Sheet gave EW up to 60 days to perform due diligence, plus a possible extension of 30 days upon agreement of both parties, and refers to the terms of the Term Sheet for the true and complete contents thereof.

17. Denies the allegations contained in paragraph 17 of the Complaint, except refers to the terms of the Term Sheet for the true and complete contents thereof.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except refers to the terms of the Term Sheet for the true and complete contents thereof.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint, except admits that USPF and EW agreed to an extension of up to 30 days to the period during which EW could perform due diligence under the Term Sheet.

21. Denies the allegations contained in paragraph 21 of the Complaint, except admits that after EW elected not to pursue the deal contemplated by the Term Sheet, the parties continued to discuss possible alternatives.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint, except admits that on or about March 5, 2009, USPF advised EW that it had received an offer from a third party.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

## COUNT I: BREACH OF CONTRACT

30. USPF hereby incorporates by reference the responses contained in paragraphs 1 through 29 of this Answer as if fully set forth herein.

31. Denies the allegations contained in paragraph 31 of the Complaint, except refers to the terms of the Term Sheet for the true and complete contents thereof, and avers that no response is necessary pursuant to the Court's Order, entered March 29, 2010 (the "Order"), which granted USPF's motion to dismiss Count I of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint, and avers that no response is necessary pursuant to the Court's Order, which granted USPF's motion to dismiss Count I of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint, and avers that no response is necessary pursuant to the Court's Order, which granted USPF's motion to dismiss Count I of the Complaint.

## COUNT II: PROMISSORY ESTOPPEL

34. USPF hereby incorporates by reference the responses contained in paragraphs 1 through 33 of this Answer as if fully set forth herein.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

## COUNT III: FRAUDULENT MISREPRESENTATION

40. USPF hereby incorporates by reference the responses contained in paragraphs 1 through 39 of this Answer as if fully set forth herein.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

## COUNT IV: QUASI-CONTRACT

46. USPF hereby incorporates by reference the responses contained in paragraphs 1 through 45 of this Answer as if fully set forth herein.

47. Denies the allegations contained in paragraph 47 of the Complaint, and avers that no response is necessary pursuant to the Court's Order, which granted USPF's motion to dismiss Count IV of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint, and avers that no response is necessary pursuant to the Court's Order, which granted USPF's motion to dismiss Count IV of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint, and avers that no response is necessary pursuant to the Court's Order, which granted USPF's motion to dismiss Count IV of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint, and avers that no response is necessary pursuant to the Court's Order, which granted USPF's motion to dismiss Count IV of the Complaint.

## COUNT V: NEGLIGENT MISREPRESENTATION

51. USPF hereby incorporates by reference the responses contained in paragraphs 1 through 50 of this Answer as if fully set forth herein.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

## COUNT VI: BREACH OF FIDUCIARY DUTY

57. USPF hereby incorporates by reference the responses contained in paragraphs 1 through 56 of this Answer as if fully set forth herein.

58. Denies the allegations contained in paragraph 58 of the Complaint, and avers that no response is necessary pursuant to the Court's Order, which granted USPF's motion to dismiss Count VI of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint, and avers that no response is necessary pursuant to the Court's Order, which granted USPF's motion to dismiss Count VI of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint, and avers that no response is necessary pursuant to the Court's Order, which granted USPF's motion to dismiss Count VI of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint, and avers that no response is necessary pursuant to the Court's Order, which granted USPF's motion to dismiss Count VI of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

62. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

63. EW's remaining claims allege that EW supposedly incurred out-of-pocket expenses in connection with the transaction contemplated by the Term Sheet. Those claims are barred by the Term Sheet, which made clear that each party was responsible for its own out-of-pocket expenses. However, should any award of such expenses be granted to EW for any reason, USPF would be entitled to an offset for the expenses that USPF incurred in connection with the transaction contemplated by the Term Sheet, and avers a right to such expenses from EW.

### Third Defense

64. EW's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

### Fourth Defense

65. EW's claims are barred, in whole or in part, because any alleged reliance by EW on the alleged promises and/or representations of USPF was unreasonable and unjustifiable.

### Fifth Defense

66. EW's claims are barred, in whole or in part, by the statute of frauds.

### Sixth Defense

67. EW's claims are barred because this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, since EW's cognizable damages do not exceed $75,000.

WHEREFORE, Defendant USPF demands judgment dismissing the Complaint in its entirety, and granting USPF its costs and disbursements of this action and such other and further relief as this Court may deem just and proper.

Dated: July 12, 2010

> Respectfully submitted,
>
> VORYS, SATER, SEYMOUR & PEASE LLP
>
>
> By  *s/ John Winship Read*
> John Winship Read (0030827)
> Heather M. Lutz (0082237)
> 2100 One Cleveland Center
> 1375 East Ninth Street
> Cleveland, OH  44114
> Telephone:  (216) 479-6100
> Facsimile:  (216) 479-6060
> E-mail:  jwread@vorys.com
>           hmlutz@vorys.com
>
> OF COUNSEL:
>
> Thomas J. McCormack
> *Admitted Pro Hac Vice*
> CHADBOURNE & PARKE LLP
> 30 Rockefeller Plaza
> New York, NY  10112
> Telephone:  (212) 408-5100
> Facsimile:  (212) 541-5369
> E-mail:  tmccormack@chadbourne.com
>
> Attorneys for Defendant
> United States Power Fund, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was sent via the Court's electronic filing system to all parties of record with the Court on July 12, 2010.  Notice of this filing will be served to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        *s/ John Winship Read*
                                     John Winship Read (0030827)