MED-Designation-ECF.frm                                     **Form Revised:  June 25, 2003**

## *IN THE UNITED STATES DISTRICT COURT*
## *FOR THE NORTHERN DISTRICT OF OHIO*

| | | |
|---|---|---|
| ENERGY WEST, INC., | : | CASE NO. 1:09 CV 0591 |
| Plaintiff(s), | : | |
| -vs- | : | |
| UNITED STATES POWER FUND, L.P., | : | |
| Defendant(s). | : | |

CHRISTOPHER A. BOYKO, JUDGE

### *NOTICE OF DESIGNATION OF MEDIATOR*

Pursuant to **Local Rule 16.6(c)(2)**, the following individual is designated as the

Mediator in the above-styled case:

**RONALD H. ISROFF**
Ulmer Berne LLP
1100 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113-1448
216-583-7024
Email:  risroff@ulmer.com

### *SCHEDULING THE MEDIATION CONFERENCE*

In conjunction with **Local Rule 16.6(c)(3)**, **the Mediator, Ronald H. Isroff**, shall

contact counsel and/or the parties to schedule the initial mediation conference **not later than**

**September 15, 2010,** pursuant to Order of this Court dated **July 15, 2010**.

The Mediator must file electronically written notice which sets forth the date, time and location of the mediation conference.  **If counsel and/or the parties fail to receive communication from the Mediator, they are instructed to contact the Mediator directly to schedule the initial mediation conference.**

Pursuant to **Local Rule 16.6(c)(4)**, requests for postponement of a mediation conference **must be filed electronically** for consideration.  Any such requests must contain both a statement setting forth good cause for a continuance and a recitation of whether or not the continuance is opposed by any other party.

### *COMPENSATION OF MEDIATOR*

The Mediator shall provide an initial 4½ hours of services to counsel and the parties and said service shall begin at the initial mediation conference.  Preparation time for the mediation conference shall not be included in the initial 4½ hours.  **See Local Rule 16.4(d)(3)**.  Upon conclusion of the initial 4½ hours of services provided by the Mediator, the parties will be equally responsible for compensating the Mediator at the rate of $150 per hour.

### *ATTENDANCE AT THE INITIAL MEDIATION CONFERENCE AND SUBSEQUENT MEDIATION CONFERENCE(S)*

Attendance of lead counsel and their respective clients is **mandatory** pursuant to **Local Rule 16.6(f)**.  Counsel and the parties should refer to **Local Rule 16.6(f)** which specifically identifies who shall attend mediation conferences. In addition to counsel who will try the case being present, a person with **full settlement authority** must likewise be present for all scheduled mediation conferences.  This requires the presence of clients, or, if a corporate entity, an authorized representative who is not a lawyer who has entered an appearance in the case. For a defendant, such representative must have **final settlement**

**authority** to commit the corporate entity to pay, **in the representative's discretion**, an amount which is agreed upon by all parties.  For a plaintiff, such representative **must have final authority**, **in the representative's discretion**, to authorize dismissal of the case, <u>with prejudice</u>, or to accept a settlement proposal.  **Counsel appearing without their clients (whether or not you have been given settlement authority) will cause the conference to be canceled and rescheduled within the time frames previously outlined herein**.  It is suggested that the Mediator, counsel and the parties arrive at least twenty (20) minutes prior to the commencement of the mediation conference.  **No party may be excused from attending a scheduled mediation conference without prior consent of the Court.**

### *SUBMISSION OF MEDIATION MEMORANDA*

Pursuant to **Local Rule 16.6(e)**, counsel of record shall submit to the Mediator a written mediation memorandum **five days prior to the scheduled mediation conference**.  While this rule does not require counsel to do so, counsel are encouraged to serve upon all counsel a copy of the written mediation memorandum.  The mediation memorandum shall consist of the following:

(1) State the legal/factual positions of each party respecting the issues in dispute;

(2) Copies of all relevant pleadings and motions;

(3) Such other material as each party believes would be beneficial to the Mediator; and

(4) The Mediator may, upon reviewing all such material, at his or her discretion or motion of the parties, schedule a preliminary meeting with counsel.

Pursuant to **Local Rule 16.6(e)(3)**, mediation memoranda shall not be presented for filing nor shall they be shown to the Court. The Mediator shall refer to **Local Rule 16.6(g)** for direction concerning procedures at a mediation conference.

### *REPORTING PROCESS*

Upon conclusion of the initial mediation conference, the Mediator shall promptly prepare and manually file[1] one copy of the Report of Mediator with the ADR office within ten (10) days of the initial or subsequent mediation conference(s), **or in any event not later than September 29, 2010, pursuant to [Order](#) of this Court dated July 15, 2010**. (See Report form attached hereto.) The Report of Mediator form shall include, but is not limited to, the following information:

(1) **If settlement is effected:** a written report which reflects that settlement was achieved as a result of said mediation conference. The report shall include a date certain by which a dismissal entry will be filed by counsel with the Court; or

The Mediator shall report that the conference was held, any agreements consented to by the parties, the status of discovery, anticipated motion practice, and the Mediator's recommendations, if any, as to future ADR processes that might assist in resolving the dispute;

(2) **If settlement is not effected:** a written report which reflects the mediation conference was held, any agreements reached by the parties and the Mediator's recommendation, if any, as to future processing of the case.

If after conducting the initial mediation conference, the Mediator determines that an additional conference is necessary, the Mediator shall schedule said conference and provide written notice to counsel, the parties and the ADR Administrator as to the date, time and location of said additional conference;

See **Local Rule 16.6(g)**.

---

[1] **The Report of Mediator shall not be filed electronically.**

**PURSUANT TO LOCAL RULE 16.6(h), THE MEDIATOR, COUNSEL AND THE PARTIES ARE REMINDED THAT THE ENTIRE MEDIATION PROCESS IS CONFIDENTIAL. THE MEDIATOR, COUNSEL AND THE PARTIES MAY NOT DISCLOSE TO THE COURT OR TO THIRD PERSONS ANY INFORMATION REGARDING THE MEDIATION PROCESS, INCLUDING SETTLEMENT TERMS, UNLESS ALL PARTIES OTHERWISE AGREE.**

**DATED at Cleveland, Ohio, this 26th day of July, 2010.**

/s/ **Peggy Nichols**
ADR Administrator
United States District Court
801 West Superior Avenue
Cleveland, OH 44113-1830
216-357-7007
Fax No.:  216-357-7040
**Peggy_Nichols@ohnd.uscourts.gov**

## **CERTIFICATE OF SERVICE**

A copy of the within Notice of Designation of Mediator and Report of Mediator form was filed electronically this 26th day of July, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's sytem.

/s/ **Peggy Nichols**
ADR Administrator
216-357-7007
Fax No.: 216-357-7040
**Peggy_Nichols@ohnd.uscourts.gov**