Report of Mediator Form                                        Report Due Date

## ***TO BE FILED MANUALLY WITH THE ADR ADMINISTRATOR***

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

|  |  | CASE NO.: |
|---|---|---|
| Plaintiff(s), | : | |
| -vs- | : | |
| Defendant(s). | : | |

## REPORT OF MEDIATOR

This form is provided as a convenience to the Mediator. It is not meant to inhibit the Mediator from reporting the results of a Mediation conference in whatever manner is appropriate under the Local Rules. This form is intended to assist the Court Administrative Staff in the future processing of the case and it is merely intended to serve as a checklist of the elements which need to be reported to the Court. The Report of Mediator will be maintained by the ADR Administrator and will not become part of the Court's permanent record.

### Instructions

1. This is a report of non-confidential information filed with the Court pursuant to Local Rule 16.6(h); and

2. This Report shall not contain confidential information unless counsel and/or parties consent to confidential information being disclosed to the Court.

## Filing Instructions

**Please file the original with the Clerk's Office. The Clerk's Office will forward the original to the ADR Administrator.**

**IF MORE SPACE IS REQUIRED, PLEASE ATTACH ADDITIONAL PAGES**

1. Name, address and telephone number of the Mediator:

2. Date, time and location of the mediation conference:

a. Date and time of the initial mediation conference:

b. Location of initial mediation conference:

c. If applicable, date and time of the subsequent mediation conference:

d. Location of the subsequent mediation conference:

3. Attorneys and parties in attendance at mediation conference:

    a.    Were any attorneys or parties missing? If so, who and why?

    b.    Did Plaintiff and Defense counsel submit the required Mediation Memoranda pursuant to Local Rule 16.6(e)? If no, please identify the party who failed to comply with L.R. 16.6(e).

    c.    Had the Plaintiff and Defense counsel consulted with their clients as to the status of the case prior to the mediation conference?

4.  Duration and preparation of mediation conference:

**Pursuant to Local Rule 16.4(d)(3)(A), neutral compensation is as follows:**

    Mediators and Evaluators shall receive no compensation for the first four and one-half (4 ½) hours of service which is to begin when the Mediator or Evaluator meets with the parties for the initial mediation conference or initial evaluation session. **Preparation time by the Mediator or Evaluator for the respective ADR proceeding shall not be included in the first four and one-half (4 ½) hours of service**.

    Once the initial four and one-half (4 1/2) hours of service have been provided by the Mediator or Evaluator, the parties shall be equally responsible for the Panelist's compensation at the rate of $150 per hour.

a.   **TIME EXPENDED**:

    Duration of initial mediation conference:     Hours _____     Minutes _____

    Preparation time:     Hours _____     Minutes _____

    Duration of subsequent mediation conference:     Hours _____     Minutes _____

b.   **COMPENSATION REQUESTED**:

    Initial mediation conference:     Yes ☐     No ☐     Amount: _____

    Subsequent mediation conference:     Yes ☐     No ☐     Amount: _____

5.  If settlement was reached, a date certain by which a journal entry or dismissal entry will be submitted to the Court:  **(Note: unless there are extenuating circumstances, the dismissal entry should be submitted to the Court within 14 days.)**

6. Is settlement realistic at this time (upon conclusion of the mediation conference)? If no, please explain:

7. Reportable agreements and legal/factual stipulations consented to by the parties **(see page 6 - Consent to Disclosure)** (reportable agreements may include, but are not limited to:  narrowing issues, dismissing claims, scope of discovery (depositions, document exchange, etc.), stages of discovery, discovery disputes, legal issues which may present an impasse).  If more space is needed, please attach a separate sheet of paper.

a.  Have claims been narrowed:  Yes ☐     No    ☐
    Please explain:

b.  Please state any legal/factual stipulations agreed to by the parties:

c.  Have the parties agreed to dismiss any claims:     Yes  ☐      No     ☐
    Please explain:

d.  Legal issues which may present an impasse:

- 5 -

8.   Comment regarding anticipated discovery disputes, dispositive issues/discovery status, anticipated motion practice, etc.:

a.   If the Court has set the discovery and motion deadlines, will the parties have difficulty in maintaining the schedule?  Please explain.

9. Other observations/recommendations, including judicial action required to move case toward settlement or trial **(e.g. pending dispositive motions; immediate settlement conference with the judicial officer)**:

> **[EXAMPLE:  Be specific as to timing and obligations of parties.  If court agrees, this will become binding (e.g. Defendant contends that no liability can be assessed due to immunity.  Initial discovery will be limited to this issue for a period of four weeks.  Defendant will file a motion by (date); Plaintiff will file a response by (date).  No reply will be filed except for unforeseen issues.  The Court will attempt to rule within 30 days.  If motion is denied, discovery will immediately proceed on all issues, to be completed within (number) days.]**

10. Recommendations, if any, as to future ADR processing that might assist in resolving the dispute:

11. Suggestions for improving the Mediation process:

Mediator

Dated:

**CONSENT TO DISCLOSURE OF CONFIDENTIAL INFORMATION**
**(If Confidential Information is Disclosed in this Report,**
**Counsel and/or the Parties Must Consent Below)**

  We, counsel and/or the parties have reviewed the within Report of Mediator and fully understand that the Report will be filed with the ADR Administrator and consent to its disclosure to the assigned judicial officer, if requested. We further consent to disclosure of confidential information in the Report pursuant to Local Rule 16.6(h).

_____
Counsel for Plaintiff(s)

_____

_____

_____
Counsel for Defendant(s)

_____

_____



**SUGGESTIONS FOR CONDUCTING A
MEDIATION CONFERENCE**

**Prior to the Mediation conference**

1.  **Prepare** by reviewing Local Rule 16.6(e) and reading the written submissions of the parties.

2.  Contact counsel to arrange for the Mediation conference to be scheduled within the time limits set by the Court.

3.  **Instruct counsel to meet with their clients to fully inform them of the status of the case prior to the Mediation conference, including any pending motions or open discovery issues.**

**At the Mediation conference**

4.  **Introduce** yourself, counsel and the parties and the mediation process at the mediation conference. Make clear to counsel and the parties that you are a settlement-facilitator, not a decision-maker. Explain that the mediation process is confidential and describe your role as the Mediator in the process.

    **Further**, as provided by Local Rule 16.4(d)(3), Mediators shall receive no compensation for the first four and one-half (4 ½) hours of services which is to begin when the Mediator meets with the parties at the initial mediation conference. Preparation time by the Mediator for the mediation conference shall not be included in the first four and one-half (4 ½) hours of service. It is the Mediator's responsibility to inform counsel and the parties when the initial 4½ hours have been exhausted. If the Mediator elects to be compensated beyond the initial 4 ½ hours, the parties shall be equally responsible for the Mediator's compensation at the rate of $150 per hour. It is further the responsibility of the Mediator to arrange for payment of any additional hours expended beyond the initial 4 ½ hours.

5.  **Postponement of Conference**: All requests for postponement of a mediation conference shall be presented, in writing, to Peggy Nichols, ADR Administrator. If the continuance requested does not exceed the completion date ordered by the judicial officer, the ADR Administrator will authorize the continuance. However, if the time requested exceeds the completion date, the ADR Administrator will request an extension on behalf of the Mediator from the judicial officer.

6.  **Request presentations** of the case by the parties, beginning with the plaintiff. Encourage the parties themselves to speak if they wish. Minimize interruptions, including those of the Mediator, counsel and the parties. Allow venting of emotions but do not allow the conflict to get out of control or to deteriorate into personal attacks. At this stage, refrain from expressing judgments about the issues.

  7.  **Question** counsel and the parties to clarify issues and test the arguments.

  8.  **Identify** points of agreement and disagreement so that negotiations may build on the areas of agreement and attempt to resolve the areas of disagreement.  Help the parties to agree on a plan for exchanging information and conducting discovery which will enable them to prepare expeditiously for the resolution of the case by trial, settlement or dispositive motion.

  9.  **Caucus** privately with each party and his counsel to discuss the costs of litigating the matter and to discuss the legal and factual issues candidly.  Try to learn from that party and counsel what the party's interests are -- get a feel for what sort of settlement would be acceptable.  Explain the confidentiality of the caucus.  If something you learn in caucus needs to be communicated to the other party, encourage that party to communicate such information or request specific permission to communicate the information yourself.  Keep information learned in caucus confidential unless you get specific permission to divulge it.  Information about settlement positions is especially sensitive.

  10.  **Reconvene** the parties and assist them in exploring settlement.  Try to keep discussions focused on future alternatives, not past wrongs.  Encourage the parties to look realistically at the issues in disagreement and to discuss ways of resolving them.  Encourage them to make proposals to each other.  If that is not working, you may, with their permission, advance a proposal yourself.  If a future mediation conference is necessary, schedule it and notify the ADR Administrator (telephonically and in writing).

  11.  **Memorialize** any agreement which is reached.  Be sure that the parties fully understand the terms to which they agreed and that they write out their agreement immediately, if possible.

  12.  **Conclude** the mediation conference by thanking the parties for their cooperation, whether or not an agreement was reached.

  13.  **Report** the results of the mediation conference to the ADR Administrator, including an agreed journal entry if the case is settled.  **It is your responsibility to inform counsel and the parties that you will file a report with the Clerk's Office for transmission to the ADR Administrator.  Keep in mind that the Report shall not contain confidential information unless counsel and the parties consent in writing to such disclosure.**

  14.  Questions concerning the Mediation program should be directed to Peggy Nichols, ADR Administrator, at (216)357-7007.