**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

Energy West, Inc.

        Plaintiff,

   vs.

United States Power Fund, LP, et al.

        Defendant.

CASE NO. 1:09-cv-00591

JUDGE Christopher Boyko

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS SUPPLEMENTAL COMPLAINT**

      Now comes Plaintiff, Energy West, Incorporated (hereinafter "Plaintiff"), by and through its undersigned counsel, Dworken & Bernstein Co., L.P.A., pursuant to Fed.R.Civ.P. 15(d), and moves this Court for Leave to File a Supplemental Complaint addressing new claims which have arisen subsequent to the filing of the original Complaint relative to the transaction that was the subject of the original Complaint.  The grounds for this Motion are more fully set forth in the attached Memorandum.

                    Respectfully submitted,

                    /s/ Richard N. Selby, II
                    RICHARD N. SELBY, II (0059996)
                    **DWORKEN & BERNSTEIN CO., L.P.A.**
                    60 South Park Place
                    Painesville, Ohio 44077
                    Telephone: (440) 352-3391
                    Facsimile:  (440) 352-3469
                    Email:  *rselby@dworkenlaw.com*

                    Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

Energy West, Inc.

         Plaintiff,

   vs.

United States Power Fund, LP

         Defendant.

CASE NO. 1:09-cv-00591

JUDGE Christopher Boyko

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE**
**SUPPLEMENTAL COMPLAINT**

Plaintiff's filed this original lawsuit against Defendant United States Power Fund. (hereinafter "USPF") regarding the negotiation of a transaction involving a pipeline in Maine. USPF made a loan to Loring Bioenergy, LLC (hereinafter "LBE"), which was collateralized by a pipeline.  Plaintiff had engaged in negotiations with USPF to buy USPF's interest in that loan.

The 2008 transaction fell apart when LBE refused to consent to the assignment of the loan from USPF to Plaintiff.  The loan documents provide that USPF cannot assign the loan documents to a third party without the consent of LBE.  The Loan Documents, however, expressly state that LBE's consent "cannot be unreasonably withheld or delayed."

Plaintiff and USPF entered into court ordered mediation.  At the mediation, the parties decided to re-open negotiations with respect to the underlying transaction.  As a result of those negotiations, Plaintiff and USPF again agreed to proceed with a transaction whereby USPF would assign the loan securing the pipeline to Plaintiff.  LBE, however, is not cooperating with consummating this transaction and is interfering with that relationship. Since earlier in October, LBE has refused to deal with Plaintiff and USPF and has tortuously failed to provide their consent. USPF has indicated it will not go forward with the transaction without LBE's consent.

2

The detailed allegations giving rise to these claims is set forth in the proposed Supplemental Complaint attached hereto as Exhibit "A" and made a part hereof.  The Supplemental Complaint sets forth no new claims against USPF.  Rather, it merely adds a new claim against LBE for tortuously interfering with Plaintiff's prospective contractual and business relationship with USPF.  Plaintiff has also eliminated the claims from the original Complaint that this Court dismissed in its March 29, 2010 Order relating to USPF's Motion to Dismiss the original Complaint and only included the claims which this Court's Order allowed to proceed.

Fed.R.Civ.P. 15(d) deals with situations where a party needs to supplement its claims based on events which transpire after the initial filing of the Complaint:

> (d)     Supplemental pleadings.  On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented.

The consideration of a request to supplement a pleading is left to the sound discretion of the trial court.  Allen v. Reynolds, 895 F.2d 1412, 1990 U.S. App.LEXIS 2173, *5 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as undue delay, bad faith, dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by the allowance of the amendment, and futility of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).

In this case, the facts which give rise to the Supplemental Complaint occurred very recently in October of 2011.  Plaintiff has not delayed in bringing in this new claim; rather, the new claim did not occur until the last several weeks when USPF advised Plaintiff that it did not intend to go forward with the transaction because of LBE's tortuous refusal to consent to the transaction.  Likewise, there has been no bad faith or failure to cure earlier deficiencies.  The parties have dutifully pursued this transaction on two separate occasions in both 2008 and 2011.  Both USPF

and Plaintiff are ready to go forward with the 2011 sale of the Loan Documents, and the transaction is being thwarted only due to LBE unreasonably withholding and/or delaying its consent to the transaction.

The United States Supreme Court in Griffin v. County School Board of Prince Edward County, 377 U.S. 218 (1964), recognized that it is appropriate to add a new party to a Supplemental Pleading if appropriate pursuant to Fed.R.Civ.P. 15(d).  Accordingly, because it is LBE's tortuous conduct in withholding its approval of the transaction which would resolve this litigation, it is appropriate that they be added to this litigation.  The facts and circumstances involved in the new claim against LBE are so intertwined with the claims in the original Complaint that it is proper to deal with these all in one forum.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court grant Defendant leave to file its Supplemental Complaint attached hereto as Exhibit "A" and made a part hereof.

Respectfully submitted,

/s/ Richard N. Selby, II
Richard N. Selby, II  (#0059996)
Dworken & Bernstein Co., LPA
60 South Park Place
Painesville, OH  44077
(440) 352-3391
rselby@dworkenlaw.com

*Attorney for Plaintiff Energy West, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2011, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


/s/ Richard N. Selby, II_____
Richard N. Selby, II (#0059996)
Dworken & Bernstein Co., LPA

***Attorney for Plaintiff Energy West, Inc.***