# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Energy West, Inc.<br><br>       Plaintiff,<br>vs.<br><br>United States Power Fund, LP, et al.<br><br>       Defendant. | CASE NO. 1:09-cv-00591<br><br>JUDGE Christopher Boyko<br><br>**PLAINTIFF'S MOTION PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

    Now come Plaintiff, Energy West, Incorporated (hereinafter "Plaintiff"), by and through its undersigned counsel, Dworken & Bernstein Co., L.P.A., and moves this Court for a temporary restraining order pursuant to Ohio R. Civ.P. 65. This Motion is being filed contemporaneously with a Motion for Leave to File a Supplemental Complaint. The grounds for this Motion are more fully set forth in the attached Memorandum, the Motion for Leave to File Supplemental Complaint and the Affidavit of Michael Gorman.

    Respectfully submitted,

    /s/ Richard N. Selby, II
    RICHARD N. SELBY, II (0059996)
    **DWORKEN & BERNSTEIN CO., L.P.A.**
    60 South Park Place
    Painesville, Ohio 44077
    Telephone: (440) 352-3391
    Facsimile: (440) 352-3469
    Email: rselby@dworkenlaw.com

    Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| Energy West, Inc.<br><br>   Plaintiff,<br>vs.<br><br>United States Power Fund, LP<br><br>   Defendant. | CASE NO. 1:09-cv-00591<br><br>JUDGE Christopher Boyko |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

  This litigation initially commenced as a result of the failed negotiations between Plaintiff Energy West, Inc. (hereinafter "Plaintiff") and Defendant United States Power Fund (hereinafter "USPF"). USPF had entered into a loan with new party Defendant Loring Bioenergy, LLC (hereinafter "LBE"). LBE had given USPF a lien on a pipeline lease it held as collateral for the loan. The proposed transaction between Plaintiff and USPF involved USPF assigning its interest to the loan to Plaintiff. Plaintiff's ultimate intention was to gain control of the pipeline and, had the original transaction closed, intended to foreclose on the leasehold interest which was collateral for the loan.

  The loan documents between USPF and LBE provides as follows with respect to the right of USPF to assign the loan:

> No party may sell, assign, or transfer this Agreement or any portion hereof, including, without limitation, Borrower's rights, title, interest, remedies, powers, liabilities, obligations and/or duties hereunder except that Lender may assign (including collaterally) this Agreement, or any portion of this Agreement to any (i) Lender Affiliate without the consent of the Borrower or (ii) to an unaffiliated third party, with the consent of the Borrower, such consent not be unreasonably withheld or delayed.

2

The original 2008 transaction failed when LBE refused to give its consent to this transaction, and instead presented a new group of affiliated investors to the table to negotiate with USPF.

Plaintiff initially brought this litigation against USPF based on allegations that USPF had represented to Plaintiff that it could obtain the approval of LBE. Plaintiff expended considerable time and effort in pursuing the transaction based on this representation. When LBE ultimately refused to give the consent, Plaintiff initiated this action to pursue those costs.

At the time the initial transaction fell apart it had been suggested that LBE had found an alternative purchaser that may have involved a related entity. During mediation in this litigation it was learned that this other transaction never transpired. As a result, this litigation was stayed and USPF and Plaintiff restarted negotiations regarding the underlying transaction. Initially, the renewed negotiations included LBE. The initial transaction contemplated in 2011 would have involved Plaintiff directly acquiring the sublease from LBE and negotiating a payoff of the loan with USPF. This three party transaction, however, could not be consummated.

Once it became clear that the three party transaction involving LBE, USPF and Plaintiff could not be consummated, Plaintiff and USPF returned to discussions involving the original 2008 transaction that would involve Plaintiff acquiring the loan documents. USPF indicated that it would go forward with a transaction of this nature based on the same financial terms as the proposed three-party transaction. In other words, rather than Plaintiff paying the funds to USPF as the Subleasor and paying off the Loan, Plaintiff would pay these funds to USPF to obtain an assignment of the Loan so it could foreclose on the collateral and acquire the pipeline lease in that fashion. Because of the language contained in the Loan documents referenced above regarding LBE's need to consent to the assignment, USPF will not proceed with this transaction unless it obtains LBE's consent to the assignment.

Plaintiff, through its representative, Michael Gorman, has been attempting to contact LBE and its representatives since October 10, 2011, to inquire regarding obtaining LBE's consent to this transaction. On October 18, 2011, LBE's representative advised Mr. Gorman through a text that LBE would not be engaging in any conversations regarding consent to the assignment before the end of October, 2011.

Based on the language contained in the loan documents that prohibits LBE from unreasonably withholding or delaying its consent, Plaintiff believes that LBE is tortuously interfering with Plaintiff's perspective contract and/or business relationship with USPF. Moreover, Plaintiff believes that LBE may be dealing with other parties in an attempt to engage in transactions that would interfere with Plaintiff's perspective contractual rights with USPF. As such, Plaintiff is seeking a temporary restraining order to maintain the status quo until such time as the court can deal with Plaintiff's contention that LBE is tortuously interfering with its contractual relationship with USPF by unreasonably withholding and/or delaying its consent to the proposed assignment.

## ARGUMENT AND LAW

In considering whether or not a court should issue a temporary restraining order, the Court should consider four factors:  (1) whether the claimant has demonstrated a strong likelihood of success on the merits, (2) whether the claimant would suffer irreparable injury in the absence of a stay, (3) whether the stay would cause substantial harm to others, and (4) whether the public interest would be best served by granting a stay.  <u>Northeast Ohio Coalition for Homeless and Service Employees International Union Local 1199 v. Blackwell</u>, 467 F.3d 999, 1005 (6th Cir. 2006). An analysis of these four facts weighs strongly in favor of maintaining the status quo during the course of this litigation.

**I.     PLAINTIFF HAS DEMONSTRATED A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS WITH RESPECT TO THE TORTIOUS INTERFERENCE CLAIM AGAINST LBE.**

Tortuous interference with a business relationship generally occurs when a person, without privilege to do so, induces or otherwise purposely causes a third person not to enter into, or continued business relationship, another. A & B – Adell Elevator Co. v. Columbus Central Ohio Building & Construction Trades Council (1995), 73 Ohio St.3d 1, 14, 651 N.E.2d 1283. The elements of tortuous interference with a business relationship are (1) a business relationship (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom. Diamond Wine & Spirits v. Dayton Heidleberg Distributing Co., Inc. (2002), 148 Ohio App.3d 596, 774 N.E.2d 775. Tortuous interference with a business relationship includes intentional interference with perspective contractual relations not yet reduced to a contract. Id.

In this case, Plaintiff and USPF are prepared to proceed with a transaction whereby USPF would assign its interest in the loan documents and the collateral owned by LBE to Plaintiff. The only item preventing this transaction from going forward is LBE's refusal to provide consent. LBE is contractually obligated to not unreasonably withhold or delay its consent. Notwithstanding that contractual obligation, LBE is refusing to provide the consent or even discuss the matter with Plaintiff's representatives. LBE's breach of its contractual obligations to provide the consent renders its interference with Plaintiff and USPF's perspective contractual relationship as tortuous.

**II.     PLAINTIFF WILL SUFFER IRREPERABLE HARM IN THE ABSENCE OF A TEMPORARY RESTRAINING ORDER.**

LBE is in default of its financial obligations pursuant to the Loan from USPF. Plaintiff alleges that it will suffer irreparable injury if LBE and/or USPF are allowed to go forward with another transaction. Plaintiff is attempting to introduce natural gas service into a market which does not currently have it. The only practical avenue for doing so is through acquisition of this pipeline. Moreover, LBE has been in default of its obligations under the Loan Documents for a number of years, which is ultimately what has given rise to USPF's willingness to assign the Note. Plaintiff would be unable to make itself whole on any claims against LBE arising of out of LBE's preventing this transaction from going forward, because of their lack of financial means. The appropriate remedy is to maintain status quo until such time as this Court determines whether or not LBE has a legal obligation to provide consent for the transaction contemplated by Plaintiff and USPF.

**III.    GRANTING A STAY WILL NOT CAUSE SUBSTANTIAL HARM TO OTHERS**

Placing a stay on this transaction will not prevent any harm to any third party. Rather, maintaining a status quo will allow Plaintiff and USPF to go forward with the transaction it has been contemplating for the last three years. LBE's unreasonable withholding of its consent to the assignment has improperly prevented this transaction from going forward.

**IV.    WHETHER THE PUBLIC INTEREST IS BEST SERVED BY GRANTING THE STAY.**

Plaintiff is ultimately attempting to acquire an interest in this pipeline to provide natural gas service to portions of Maine where it is not currently available. LBE's financial difficulties which have prevented it from fulfilling its obligations under the Loan Documents do not allow it to

utilize this pipeline for the public good.  Plaintiff's ultimate acquisition of this pipeline would benefit the public at large by expanding the availability of natural gas service.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order prohibiting the parties of this litigation, including LBE from going forward with any transactions that would interfere with Plaintiff and USPF's ability to go forward with the proposed transaction currently being blocked by LBE's tortuous withholding of their consent to the assignment of the Loan Documents from USPF to Plaintiff.

Respectfully submitted,

/s/ Richard N. Selby, II
Richard N. Selby, II  (#0059996)
Dworken & Bernstein Co., LPA
60 South Park Place
Painesville, OH  44077
(440) 352-3391
rselby@dworkenlaw.com

*Attorney for Plaintiff Energy West, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Richard N. Selby, II
Richard N. Selby, II (#0059996)
Dworken & Bernstein Co., LPA

*Attorney for Plaintiff Energy West, Inc.*