# EXHIBIT D

**CONFIDENTIAL**

Non-Binding Term Sheet

<u>Sale by Loring BioEnergy, LLC of Existing Pipeline Assets</u>

July 5, 2011

| | |
|---|---|
| *1. Disclaimer* | Except as otherwise specifically provided herein, this is a non-binding term sheet for discussion purposes only. |
| *2. Principal Parties* | Loring Bio-Energy, LLC, a Maine limited liability company ("LBE")<br><br>Gas Natural, Inc. (successor to Energy West, Inc.), an Ohio corporation, ("GN")<br><br>United States Power Fund, L.P., a Delaware limited partnership ("USPF")<br><br>Loring Development Authority of Maine, a body corporate and politic and a public instrumentality of the State of Maine (the "LDA") |
| *3. Proposed Transaction* | This term sheet outlines the potential terms for a proposed transfer/assignment by LBE to GN or one of its affiliates comprised of:<br><br>(a) all LBE's rights, subject to its obligations, under that certain Pipeline and Easement Corridor Lease and Use Agreement dated December 28, 2007, as amended by the First Amendment to Pipeline and Easement Corridor Lease and Use Agreement dated September 24, 2010, between the LDA and LBE (the Pipeline Use Agreement"), subject to the terms of the Sublease of Pipeline Rights effective as of June 2, 2005 between LBE and Loring Holdings, LLC (the "Existing Sublease"), such transfer of rights and obligations under the Pipeline Use Agreement to be structured as sublease by LBE to GN (the "GN Sublease"). Obligations of GN under the GN Sublease would include (i) royalty payment responsibilities, and (ii) payment of corridor management related expenses under the Corridor Management Agreement;<br><br>(b) certain LBE property purchased at the Loring Commerce Center terminus of the Existing Pipeline to complete the pipeline corridor to the Loring power project site;<br><br>(c) an option to purchase a site for the interconnection and compressor station at Winterport, ME; and<br><br>(d) to the extent assignable, the Maine Department of Environmental Protection issued permits for compressor stations at Winterport and Mattawamkaeg, ME. |

1

470228

CPAM: 4030844.5

| | |
|---|---|
| | The rights and obligations proposed to be sold, transferred and subleased by LBE to GN are hereinafter referred to as the "Existing Pipeline Assets". |
| *4. Exclusive Due Diligence Period* | GN shall have an exclusive due diligence period ("Due Diligence Period") beginning on the date both parties execute this Term Sheet and ending forty-five (45) days thereafter. Upon the execution of this Term Sheet by all parties and continuing until the expiration of the Due Diligence Period, LBE and USPF shall discontinue any ongoing negotiations or discussions and shall not initiate negotiations or discussions, nor promote or encourage other persons or entities to submit proposals relating to the sale or assignment of the Existing Pipeline Assets to any party other than GN. Additionally, during this period, USPF will not agree to sell or assign any of its rights concerning LBE to any other party. During this period, GN will investigate and evaluate issues relating to the Existing Pipeline Assets, including but not limited to the feasibility of having a DC electrical line running through the lease corridor alongside of a natural gas line.<br><br>Prior to expiration of the Due Diligence Period, GN will have the option to notify LBE and USPF in writing if it intends to consummate the Proposed Transaction with the pricing and other terms set forth in this Term Sheet (the "Notice"). If GN fails to provide the Notice to LBE and USPF prior to the end of the Due Diligence Period, then upon expiration of the Due Diligence Period this Term Sheet shall terminate and, except as provided in Section 9 and Section 10(b) below, the Parties shall have no further obligations to the other hereunder.<br><br>The covenants contained in this Section 4 of this Term Sheet shall be binding upon the parties. |
| *5. Indicative Timeline* | If GN delivers the Notice to LBE and USPF prior to the expiration of the Due Diligence Period, the Parties shall endeavor in good faith to enter into a definitive Purchase Agreement (including the terms set forth in this term sheet) and necessary assignment, sublease and other ancillary documents and close the sale and transfer of the Existing Pipeline Assets on or before August 15, 2011. |
| *6. Purchase Price for the Existing Pipeline Assets* | The purchase price for the Existing Pipeline Assets shall be Four Million Five Hundred Thousand Dollars ($4,500,000) payable by GN as follows at the closing of the transaction: (i) Two Million Two Hundred Fifty Thousand Dollars ($2,250,000) payable in cash and (ii) Two Million Two Hundred Fifty Thousand Dollars ($2,250,000) payable in validly issued, fully paid and non-assessible shares of GN common stock. The common stock shall be unregistered common stock of GN that has a value of Two Million Two Hundred Fifty Thousand Dollars |

470228

CPAM: 4030844.5

| | |
|---|---|
| | ($2,250,000), and the number of shares thereof granted to USPF shall be that value divided by GN's average stock closing price on the NYSE Amex for the ten (10) business days preceding the Closing. The common stock shall be subject to the restriction that the number of shares sold by USPF on any day may not exceed half of the average daily volume during the ten (10) business days preceding any sale and shall also be subject to all other applicable transfer restrictions under state or federal securities regulations. In addition to the above mentioned daily stock sale volume restriction, the common stock shall be subject to the following sale restrictions: (i) no shares of the common stock acquired at the Closing may be sold before the one (1) year anniversary of the Closing; (ii) one-half (1/2) of the common stock acquired at the Closing may be sold on or after the one (1) year anniversary of the Closing and before the two (2) year anniversary of the Closing; and (iii) any and all of the common stock acquired at the Closing may be sold on or after the two (2) year anniversary of the Closing. The Purchase price shall be paid and the common stock shall be issued directly to USPF, LBE's senior secured lender, to be applied, after payment of USPF's and LBE's transaction expenses, in partial payment of the outstanding loan and other amounts due under the Development Loan Agreement, dated as of June 2, 2005, as amended from time to time. |
| *7. Liens and Encumbrances* | The Existing Pipeline Assets shall be transferred to GN free and clear of all liens and encumbrances except the Pipeline Use Agreement, the Existing Sublease and customary permitted liens. The parties will review the liens on the Existing Pipeline Assets and identify those liens (including those listed on Exhibit A hereto) that will need to be released at Closing. |
| *8. AS-IS Sale* | Except for representations regarding LBE's ownership or lease of the Existing Pipeline Assets, its authority to enter into the Purchase Agreement and perform its obligations thereunder, the sale of the Existing Pipeline Assets shall be on an AS-IS, WHERE-IS basis, without any further representations or warranties from LBE or USPF or any other related entity and GN will be purchasing the Existing Pipeline Assets based entirely on its own due diligence investigation. |
| *9. GN Litigation* | (a) GN and USPF agree to seek an extension to September 15, 2011, of the period for mediation of GN's claims asserted in the action <u>Energy West, Incorporated</u> vs. <u>United States Power Fund, L.P.</u>, filed in the United States District Court, Northern District of Ohio, Eastern Division (the "GN Litigation"). (b) (i) Upon expiration of the Due Diligence Period pursuant to Section 4 hereof, or (ii) in the event GN delivers to LBE the Notice prior to the |

3

| | |
|---|---|
| | end of the Due Diligence Period, upon LBE and GN entering into a definitive agreement in respect of the Proposed Transaction or upon GN terminating discussions without reasonable cause before entering into any such agreement, GN will file a Stipulation of Dismissal of all claims made by GN or any of its affiliates against USPF in the GN Litigation, with prejudice, and provide USPF and its affiliates a complete release from any and all claims GN or any of its affiliates may have in respect of any prior dealings with USPF or its affiliates relating to the Loring BioEnergy project. Forms of the Stipulation of Dismissal and USPF Release are attached hereto as Exhibits B and C, respectively.<br><br>(c) The covenants contained in this Section 9 of this Term Sheet shall be binding upon the parties. |
| 10. Other Terms | (a) <u>Cooperation</u>. - GN will have the cooperation of The Shaw Group and Gahagan & Associates, LLC but no obligation to them in terms of employment, fees, etc. upon consummation of the proposed transaction.<br><br>(b) <u>Costs and Expenses</u> - Each of LBE and GN shall be responsible for its own legal and other costs and expenses incurred in connection with the proposed transaction.<br><br>(c) <u>Conditions to the Proposed Transaction</u> - The entry into the Purchase Agreement and sale of the Existing Pipeline Assets shall be expressly subject to (i) LBE and GN obtaining all required internal corporate approvals in connection with the proposed transaction, and (ii) LBE obtaining the consent of the LDA to the proposed transaction. |

Agreed and Accepted as of the date first written above by:

GAS NATURAL, INC.

By: *[signature]*

Name: Richard M. Osborne
Title: Chairman of the Board

4

LORING BIOENERGY, LLC

By:_____
   Name: ▮▮▮▮▮▮▮▮▮
   Title: ▮▮▮President

UNITED STATES POWER FUND, L.P.

By:   EIF US Power LLC
      as its General Partner

      By:   EIF Management, LLC
            as its Managing Member

            By:_____
               Name: Andrew E. Schroeder
               Title: Senior Partner

LORING BIOENERGY, LLC

By:_____
   Name: ███████
   Title: ███ President


UNITED STATES POWER FUND, L.P.

By:    EIF US Power LLC
      as its General Partner

      By:    EIF Management, LLC
             as its Managing Member

            */s/ Andrew E. Schroeder*

      By:_____
          Name: Andrew E. Schroeder
          Title: Senior Partner

5

EXHIBIT A

LIENS AND ENCUMBRANCES TO BE RELEASE AT CLOSING[1]

1. Grant of security interest from Loring BioEnergy LLC to United States Power Fund dated 6/2/2005, filed for record 7/4/2005 and recorded in Volume 9989, Page 79 of Penobscot County Records.

2. UCC filed for record 6/6/2005 and recorded as Volume 9902, Page 291 of Penobscot County Records.
    - Continuation of UCC filed for record 1/29/2010 and recorded as Volume 12042 page 64 of Penobscot County Records.

3. UCC filed for record 6/23/2005 and recorded as Volume 9937 Page 247 of Penobscot County Records.
    - Continuation of UCC filed for record 1/29/2010 and recorded as Volume 12042 page 65 of Penobscot County Records.

4. Attachment. Filed out of Superior Court Civil Action Docket CV-10-230 in favor of Preti, Flaherty, Beleveau, Pachios Charter LLP, filed for record 5/21/2010 and recorded as Volume 12137, Page 231 of Penobscot County Records.
Amount: $754,354.49.

5. Leasehold Mortgage Security Agreement and Financing Statement from Loring BioEnergy LLC to the Shaw Group filed for record 9/27/2010 and recorded in Volume 12262, Page 225 of Penobscot County Records.
Mortgage Amount: $50,000,000.00 (Fifty Million dollars)

    (a) Amendment filed 10/18/2010 and recorded as Volume 12287, Page 41 of Penobscot County Records.

    (b) Amendment filed 1/24/2011 and recorded in Volume 12385, Page 326 of Penobscot County Records. Changes mortgage amount to $500,000.00

    (c) Subordination agreement filed 1/24/2011 and recorded in Volume 12386, Page 1 subordinates its mortgage in favor of mortgage to the United States Power Fund (see volume 12347, Page 293)

---

[1] To be confirmed.

6

470228

CPAM: 4030844.5

Attachment. Filed out of Business and Consumer Action Docket BCD-WB-CV-10-45 in favor of Preti, Flaherty, Beleveau, Pachios Charter LLP, filed for record 12/14/2010 and recorded as Volume 12347, Page 293 of Penobscot County
    Amount: $654,354.49

6. Leasehold Mortgage Security Agreement and Financing Statement from Loring BioEnergy LLC to the United States Power Fund filed for record 1/24/2011 and recorded in Volume 12385, Page 229 of Penobscot County Records.
Mortgage Amount: $4,673,000.00

7

**EXHIBIT B**

**FORM OF STIPULATION OF DISMISSAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ENERGY WEST, INCORPORATED,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES POWER FUND, L.P.,<br><br>        Defendant. | Civ. No. 1:09-cv-00591<br>Judge Christopher A. Boyko<br><br><br><br>**STIPULATION<br>OF DISMISSAL<br>WITH PREJUDICE** |

  IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for plaintiff Energy West, Incorporated and defendant United States Power Fund, L.P. that, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the above-captioned action is hereby dismissed with prejudice, with each party to bear its own attorneys' fees, costs and expenses.

Dated: [INSERT date of first business day after end of due diligence period], 2011

              Respectfully submitted,

              DWORKEN & BERNSTEIN CO., LPA


            By  *s/ Richard N. Selby, II*
              Richard N. Selby, II (0059996)
              60 South Park Place
              Painesville, OH 44077
              Telephone: (440) 352-3391
              Facsimile: (440) 352-3469
              E-mail: rselby@dworkenlaw.com

470228

CPAM: 4030844.5

*Attorneys for Plaintiff*
*Energy West, Incorporated*

VORYS, SATER, SEYMOUR & PEASE LLP


By      *s/ John Winship Read*
      John Winship Read (0030827)
      Heather M. Lutz (0082237)
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, OH 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
E-mail: jwread@vorys.com
       hmlutz@vorys.com

OF COUNSEL:

Thomas J. McCormack
*Admitted Pro Hac Vice*
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
E-mail: tmccormack@chadbourne.com

*Attorneys for Defendant*
*United States Power Fund, L.P.*

SO ORDERED:

_____
Judge Christopher A. Boyko

9

470228

CPAM: 4030844.5

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was sent via the Court's electronic filing system to all parties of record with the Court on [DATE], 2011. Notice of this filing will be served to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Richard N. Selby, II*
Richard N. Selby, II (0059996)

<u>EXHIBIT C</u>

FORM OF USPF RELEASE

<u>RELEASE</u>

     GAS NATURAL INC., a corporation organized under the laws of Ohio, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, for itself and each of its corporate parents, subsidiaries, affiliates, predecessors, successors and assigns (collectively, "RELEASOR"), hereby remises, releases and forever discharges UNITED STATES POWER FUND, L.P. ("USPF"), its respective parents, subsidiaries, affiliates, predecessors, successors, administrators, partners, officers, directors, employees, agents, attorneys and assigns (collectively, "RELEASEE"), of and from all and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever in law or in equity against RELEASEE which RELEASOR ever had, now has or which RELEASOR or its successors hereafter can, shall or may have against RELEASEE, arising under the laws of any jurisdiction anywhere in the world or asserted before any tribunal in any such jurisdiction and arising from or relating in any way to (a) the action captioned *Energy West, Incorporated v. United States Power Fund, L.P.*, Civ. No. 09-00591 (N.D. Ohio) (CAB), (b) the loan transaction entered into by USPF and Loring Bio-Energy, LLC in 2005, which was memorialized by documents including a Development Loan Agreement and an Equity Option Agreement, (c) the Term Sheet executed by USPF and Energy West, Inc. as of October 6, 2008, and/or (d) the Term Sheet executed by Gas Natural Inc., Loring Bio-Energy, LLC, and USPF as of DATE, 2011, from the beginning of the world to the day of the date of this RELEASE.

     This RELEASE shall be governed by and construed in accordance with the laws of the State of New York, without regard to conflict of law principles.

     This RELEASE may not be changed except by a writing executed by the RELEASOR and the RELEASEE.

     RELEASOR represents that it is a corporation duly organized, validly existing and in good standing under the laws of Ohio and that all approvals necessary to the execution, delivery and performance of this RELEASE have been obtained. There are no requirements of Ohio law or any other restrictions that would prevent RELEASOR from performing fully its obligations under this RELEASE, and this RELEASE constitutes the valid and binding obligation of RELEASOR.

11

470228

CPAM: 4030844.5

IN WITNESS WHEREOF, the RELEASOR has caused this RELEASE to be executed by its duly authorized representative and its corporate seal to be affixed on this ___ day of MONTH, 2011.

                        GAS NATURAL INC.

                        By _____
                        Name: Richard M. Osborne
                        Title: Chairman of the Board

STATE OF _____ )
                        : SS.:
COUNTY OF _____ )

On MONTH ___, 2011 before me, the undersigned, personally appeared Richard M. Osborne, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity as duly authorized representative of Gas Natural Inc., and that by his signature on the instrument, Gas Natural Inc. executed the instrument.

                        _____
                        **Notary Public**

470228

CPAM: 4030844.5