## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ENERGY WEST, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES POWER FUND, LP, et al.<br><br>        Defendants. | CASE NO. 1:09-cv-00591<br><br>JUDGE CHRISTOPHER BOYKO<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT UNITED STATES POWER FUND'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Now comes Plaintiff, Energy West, Incorporated (hereinafter "Plaintiff"), by and through its undersigned counsel, Dworken & Bernstein Co., L.P.A., and hereby submits to this Honorable Court its Memorandum in Opposition to Defendant United States Power Fund's ("Defendant" or "USPF") Motion To Dismiss Plaintiff's Complaint (the "Motion").  As set forth more fully in the Memorandum attached hereto and incorporated herein, USPF has omitted key provisions of the 2011 Term Sheet.  A review of the full language demonstrates that USPF has no basis to seek dismissal based upon a contractual obligation and therefore the Motion must be denied.

        Respectfully submitted,

        /s/ Richard N. Selby, II
        RICHARD N. SELBY, II (0059996)
        **DWORKEN & BERNSTEIN CO., L.P.A.**
        60 South Park Place
        Painesville, Ohio 44077
        Telephone: (440) 352-3391
        Facsimile:  (440) 352-3469
        Email:  *rselby@dworkenlaw.com*

        ***Attorney for Plaintiff Energy West, Inc.***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Energy West, Inc.<br><br>        Plaintiff,<br>vs.<br><br>United States Power Fund, LP<br><br>        Defendant. | CASE NO. 1:09-cv-00591<br><br>JUDGE Christopher Boyko |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MEMORANDUM IN OPPOSITION TO DEFENDANT UNITED STATES POWER FUND'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

<u>USPF'S FACTUAL MISREPRESENTATIONS.</u>

Plaintiff does not take significant issue with the facts reiterated by USPF in subparts A and B of the "Facts" Section of its Motion; however, it is the Plaintiff's contention that USPF omits relevant portions of the 2011 Term Sheet[1] from its Motion that, when properly cited and analyzed, demonstrate that Plaintiff has, in fact, not contractually agreed to dismiss this suit against USPF under the current circumstances.

The 2011 Term Sheet is dated July 5, 2011 however due to a delay in the parties exchanging signature pages it was mutually agreed by the various parties that the forty-five (45) day due diligence/exclusivity period did not commence until July 13, 2011. In an email from Russ Ciphers to Ms. Tomaszewski dated August 12, 2011 forwarding an email from Michelle Brauner, an employee or agent of USPF, of the same date Ms. Brauner clearly indicated that the due diligence/exclusivity period began on July 13, 2011 and was to run on August 26, 2011.[2] In the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning attributed to them in USPF's Motion.

[2] See Declaration of Jodi Littman Tomaszewski dated December 9, 2011 (the "Tomaszewski Decl."), Exhibit "A" attached thereto.

2

same email Ms. Brauner indicates that USPF would extend the due diligence/exclusivity period until September 15, 2011 to accommodate the late August board meeting of Plaintiff's parent company, Gas Natural, Inc., ("GN") wherein approval of moving forward with or, alternatively, abandoning the transaction covered by the 2011 Term Sheet would be put to a vote of the Board.[3] This due diligence/exclusivity period extension is separately confirmed by an email from Andrew Schroeder, a USPF senior partner, to Mr. Ciphers and Ms. Brauner earlier on August 12, 2011.[4] Thus, the terms of the 2011 Term Sheet had been mutually altered by Plaintiff and USPF to extend the due diligence/exclusivity deadline from August 26, 2011 to September 15, 2011.

> The entirety of Section 9(b) and (c) of the 2011 Term Sheet[5] read as follows:
>
> (i) Upon expiration of the Due Diligence Period pursuant to Section 4 hereof, or (ii) in the event that GN [Gas Natural/Energy West] delivers to LBE the Notice prior to the end of the Due Diligence Period, upon LBE and GN entering into a definitive agreement in respect of the Proposed Transaction or upon GN terminating discussions without reasonable cause before entering into any such agreement, GN will file a Stipulation of Dismissal of all claims made by GN or any of its affiliates against USPF in the GN Litigation, with prejudice, and provide USPF and its affiliates a complete release from any and all claims GN or any of its affiliates may have in respect of any prior dealings with USPF or its affiliates relating to the Loring BioEnergy project.
>
> (c) the covenants contained in this Section 9 of this Term Sheet shall be binding upon the parties.

Thus, the dismissal of the litigation was predicated on the occurrence of (1) the termination of the due diligence/exclusivity period without Gas Natural electing to proceed with the transaction or (2) for Gas Natural to back out of the deal after electing to move forward within the due

---

[3] Id.

[4] See Tomaszewski Decl., Exhibit "2" attached thereto.

[5] See Tomaszewski Decl., Exhibit "3" attached thereto.

diligence/exclusivity period, or (3) for a definitive agreement to be executed between Gas Natural and LBE.

Gas Natural elected to proceed with the transaction within the extended due diligence/exclusivity period and has not, to date, waivered from its willingness to close the transaction. At the end of August, 2011 Gas Natural's board voted to proceed with the transaction contemplated by the 2011 Term Sheet. USPF and LBE were informed verbally and in writing via email that Gas Natural was moving forward the transaction. USPF acknowledged that they were aware that Plaintiff was moving forward with the transaction as indicated by an email dated September 6, 2011 from Ms. Brauner to Ms. Tomaszewski, Mr. Schroeder, and others, wherein Ms. Brauner indicated that she is aware that Gas Natural had voted to move forward with the 'Loring deal" i.e. the transactions contemplated by the 2011 Term Sheet and expressing her desire to have a conference call among the parties to discuss the next steps to close the transaction.[6]

Further evidence of Gas Natural's notice to USPF that they were moving forward with the transaction are two (2) emails between Gregory Osborne, a board member of Gas Natural, and Mr. Schroeder dated September 15, 2011, the last day of the due diligence/exclusivity period, wherein Mr. Osborne notifies Mr. Schroeder that Gas Natural is moving forward with the transaction and is ready to close. Mr. Schroeder confirms this in his reply email.[7] Thus, it is clear that Gas Natural provided notice that it was proceeding with the transaction prior to the expiration of the extended due diligence/exclusivity period. USPF's allegations in its Motion that Plaintiff did not supply it with notice of its intentions to move forward with the transaction are completely incorrect and are directly refuted by contemporaneous communications from its principals and employees.

---

[6] See Tomaszewski Decl., Exhibit "4" attached thereto.

[7] See Tomaszewski Decl., Exhibit "5" attached thereto.

ARGUMENT

Under the terms of Section 9(b)(ii) to the 2011 Term Sheet since Plaintiff has provided notice that they were proceeding with the transaction they would only be required to dismiss this litigation upon the occurrence of one of two events: (1) LBE and GN entering into a definitive agreement in respect of the Proposed Transaction or (2) upon GN terminating discussions without reasonable cause before entering into any such agreement. It is undisputed that neither of these events have occurred. No definitive agreement exists between Gas Natural and LBE and at no time since providing notice under the 2011 Term Sheet has Plaintiff or Gas Natural terminated any discussions with USPF or LBE. In fact, as USPF acknowledges in its Motion, Plaintiff has continued to have discussions with it and LBE in furtherance of the transactions under the 2011 Term Sheet.

In its Motion USPF conveniently does not quote or address Section 9(b)(ii) of the 2011 Term Sheet hiding the language behind an ellipsis when this language is central to why Plaintiff has not dismissed the litigation. Nor does USPF address its extension of the due diligence/exclusivity period. These items are conspicuous by their omission from USPF's Motion.

A plain reading of Section 9(b)(ii) of the 2011 Term Sheet indicates that Plaintiff was, and is, not under any contractual obligation to dismiss this litigation as it fully complied with the provisions of the 2011 Term Sheet. USPF's contentions that Plaintiff is contractually obligated to dismiss this litigation are based solely upon their omission of key language from Section 9(b) of the 2011 Term Sheet and upon a clearly erroneous representation that Plaintiff did not provide notice of its intention to move forward under the 2011 Term Sheet; a representation clearly refuted by USPF's own principals and employees. As such, Plaintiff is not under any contractual

obligation to dismiss its complaint and it would be against a clear reading of the 2011 Term Sheet for the Court to order otherwise.

At a bare minimum, the documents attached to Ms. Tomaszewski Declaration create a clear issue of fact as to the beginning, ending, and extension of the due diligence/exclusivity period under the 2011 Term Sheet.  While it is unclear under which Federal Rule of Civil Procedure USPF brings its Motion to Dismiss,[8] it is clear that genuine issues of fact exist that should preclude the Court from granting USPF's Motion in addition to Plaintiff's detailed analysis herein.

## CONCLUSION.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss Plaintiff's Complaint as Plaintiff is not under any contractual obligation to dismiss the litigation and due to the fact that genuine issues of material fact exist in the case that should preclude Defendant's requested relief.  Finally, Plaintiff requests that the Court grant its motion to amend its complaint so that it may adequately proceed with its claims against the Defendants.

Respectfully submitted,

/s/ Richard N. Selby, II
Richard N. Selby, II  (#0059996)
Dworken & Bernstein Co., LPA
60 South Park Place
Painesville, OH  44077
(440) 352-3391
rselby@dworkenlaw.com

***Attorney for Plaintiff Energy West, Inc.***

---

[8] In the current context Plaintiff believes that USPF's Motion is more akin to a Motion for Summary Judgment under Fed.R.Civ.P. 56(f) in that it attaches additional evidence for the Court to consider and seeks to have the Court rule on matters outside of the four corners of the pleadings.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard N. Selby, II
Richard N. Selby, II (#0059996)
Dworken & Bernstein Co., LPA

*Attorney for Plaintiff Energy West, Inc.*