UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ENERGY WEST, INCORPORATED,

                Plaintiff,

v.

UNITED STATES POWER FUND, L.P.,

                Defendant.

Civ. No. 1:09-cv-00591
Judge Christopher A. Boyko

**REPLY IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

VORYS, SATER, SEYMOUR & PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, OH  44114
(216) 479-6100

Of Counsel:

CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
(212) 408-5100

*Attorneys for Defendant*
*United States Power Fund, L.P.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    I.    ENERGY WEST'S ADMISSIONS ARE DISPOSITIVE AND THE DUE
        DILIGENCE PERIOD UNDER THE 2011 TERM SHEET HAS EXPIRED ....... 3

        A.    Energy West Did Not Provide the Requisite Written Notice
               to USPF and LBE by August 19 *or* August 26, 2011 ................................. 3

        B.    LBE Never Agreed to any Extension of the
               2011 Term Sheet's Due Diligence Period ..................................................... 5

    II.   USPF'S RIGHT TO DISMISSAL OF THE COMPLAINT WITH
        PREJUDICE REMAINS UNAMBIGUOUS UNDER THE PLAIN
        LANGUAGE OF THE 2011 TERM SHEET ......................................................... 7

CONCLUSION ............................................................................................................................... 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ENERGY WEST, INCORPORATED,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES POWER FUND, L.P.,<br><br>　　　　　　　　　　Defendant. | Civ. No. 1:09-cv-00591<br>Judge Christopher A. Boyko |

**REPLY IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Defendant USPF respectfully submits this memorandum of law in further support of its motion to dismiss the complaint.[1]

**PRELIMINARY STATEMENT**

On October 26, 2011, Energy West moved for leave to file its proposed supplemental complaint. That supplemental complaint alleges that Energy West's exclusive due diligence period to pursue the transaction with LBE contemplated by the 2011 Term Sheet expired on August 19, 2011, and that after the expiration of that due diligence period, LBE tortiously interfered with a possible alternative transaction whereby USPF would assign its interest in the Loan Agreement to Energy West. (*See* Exh. E, Supp. Compl. ¶¶ 43-61, 81-86.)[2] USPF opposed Energy West's motion and moved for the dismissal of this action on the grounds that Section 9

---

[1] All capitalized terms are as defined in USPF's opening brief. [Docket No. 47-1.]

[2] Unless otherwise indicated, all citations to "Exh." refer to exhibits to the Read Declaration. [Docket No. 48.]

1

of the 2011 Term Sheet mandated the immediate dismissal with prejudice of all claims against USPF upon expiration of the due diligence period and it was undisputed that such period had expired, as expressly conceded in Energy West's allegations on that subject. (USPF's Br. at 4-6, 12-13.)

Without withdrawing its proposed supplemental complaint, however, Energy West now purports to express doubts about whether the due diligence period has expired at all and asserts, without any supporting evidence, that there is "a clear issue of fact as to the beginning, ending, and extension of the due diligence/exclusivity period under the 2011 Term Sheet." (Energy West's Opp. at 6.) This Court should reject Energy West's shameless ploy and dismiss the instant action under the express provisions of the 2011 Term Sheet.

The relevant (and still undisputed) facts are as follows: (i) the 2011 Term Sheet was executed by and among Energy West, LBE, and USPF; (ii) the 2011 Term Sheet granted Energy West a 45-day due diligence period during which it had the option to provide written notice to LBE and USPF of Energy West's intent to consummate the proposed transaction with LBE; (iii) Energy West desired an extension of that due diligence period but LBE declined to agree to any such extension; (iv) Energy West did not provide the requisite written notice to LBE and USPF prior to the expiration of the due diligence period; and (v) Section 9 of 2011 Term Sheet requires the dismissal with prejudice of this action upon the expiration of the due diligence period. (Supp. Compl. ¶¶ 43-50; Exh. D, 2011 Term Sheet at §§ 4, 9.) As a matter of law, there is only one conclusion that may be drawn from these straightforward facts: USPF is entitled to the immediate dismissal with prejudice of this action.

**ARGUMENT**

**I.**

**ENERGY WEST'S ADMISSIONS ARE DISPOSITIVE AND THE
DUE DILIGENCE PERIOD UNDER THE 2011 TERM SHEET HAS EXPIRED**

Despite the express allegations in its proposed supplemental complaint to the contrary, Energy West now argues that the due diligence period may not have expired on August 19, 2011, because (a) the due diligence period allegedly did not begin to run until July 13, 2011, and therefore it could not have expired until August 26, 2011; and/or (b) USPF was willing to amend the 2011 Term Sheet to extend the due diligence period to September 15, 2011. (Energy West's Opp. at 2-4.) Energy West's argument is a classic attempt at misdirection, but it is unavailing. Even assuming *arguendo* that one or both of Energy West's claims were true, the due diligence period would *still* have expired before Energy West provided written notice to USPF and LBE of its intent to consummate the transaction proposed by the 2011 Term Sheet.

**A. Energy West Did Not Provide the Requisite Written Notice
to USPF and LBE by August 19 *or* August 26, 2011**

Energy West makes much of its contention that "due to a delay in the parties exchanging signature pages it was mutually agreed . . . that the forty-five (45) day due diligence/exclusivity period did not commence until July 13, 2011." (Energy West's Opp. at 2.) This contention is, at best, a red herring without legal significance to the instant motion to dismiss. Section 4 of the 2011 Term Sheet provides that the due diligence period shall begin "on the date both parties execute this Term Sheet and end[] forty-five (45) days thereafter." (Exh. D at § 4.) As signed by each of the parties, the 2011 Term Sheet states that it was "Agreed and Accepted as of the [July 5, 2011] date first written above." (Exh. D at p. 4.) Energy West has expressly taken the

3

position – until now, that is – that "[u]nder the 2011 Term Sheet, [Energy West] had a due diligence period until August 19, 2011" (*i.e.*, 45 days after July 5, 2011). (Supp. Compl. ¶ 44.)

In its opposition, Energy West now asserts that the due diligence period instead expired on August 26, 2011. (Energy West's Opp. at 2.) Energy West cites an e-mail sent by Michelle Brauner on behalf of USPF (but not on behalf of LBE) to a representative of Energy West on August 12, 2011, which states in part that "[USPF] and LBE are taking the position that the 45 day exclusive period commenced on July 13 and ends on August 26." (Tomaszewski Decl. Exh. 1.)  Even if the 2011 Term Sheet's due diligence period ran until August 26, 2011, however, the outcome here would remain the same because *Energy West admits that it did not provide the requisite written notice to USPF and LBE by August 26, 2011, either*. (Supp. Compl. ¶¶ 46-47, 50 ("[O]n or about August 31, 2011, Plaintiff informed USPF that its Board had approved the transaction and further stated that it was prepared to close the transaction.").)[3]

To the extent Energy West now seeks to obscure that clear admission and reality, the vague and unsupported assertions of its counsel should be ignored by this Court. (*See* Energy West's Opp. at 4 ("At the end of August, 2011 Gas Natural's board voted to proceed with the transaction contemplated by the 2011 Term Sheet.  USPF and LBE were informed verbally and in writing via email that Gas Natural was moving forward the transaction.").)  Tellingly, Energy West has failed to submit to the Court a copy of any written notice purportedly sent by Energy

---

[3]  In fact, "on or about August 31, 2011" is actually September 1, 2011:  Energy West informed USPF (but not LBE) that it had allegedly obtained internal approval to proceed with the proposed transaction on September 1, 2011, by e-mail sent by Russell Ciphers of Energy West to Andrew Schroeder of USPF.  A true and correct copy of that e-mail is attached hereto as *Exhibit F*.

4

West to USPF and LBE on or before either August 19 *or* August 26, 2011. The reason for this failure is obvious: no such written notice exists.[4]

**B.    LBE Never Agreed to any Extension
of the 2011 Term Sheet's Due Diligence Period**

Energy West's alternative argument that "the 2011 Term Sheet had been mutually altered by USPF and Energy West" because certain e-mails allegedly "indicate[d] that USPF would extend the due diligence/exclusivity period until September 15, 2011," fares no better. (Energy West's Opp. at 3.) This argument is a non-starter for a very simple reason: while USPF may have been willing to agree to an amendment of the 2011 Term Sheet to extend the due diligence period, *LBE was unwilling to agree to an extension and no such amendment was ever executed by the parties*. Energy West concedes that fact. (Supp. Compl. ¶ 48 ("LBE would not agree to the extension").) Indeed, according to Energy West it was for that reason that USPF and Energy West instead discussed the possibility of "go[ing] forward with the transaction outlined in the 2008 Term Sheet." (Supp. Compl. ¶ 53.)

It is black-letter law that a contract entered into by three separate parties cannot be amended without the consent of each. *See Hanly v. Riverside Methodist Hospitals*, 78 Ohio App. 3d 73, 79, 603 N.E.2d 1126, 1130 (Ohio. Ct. App. 1991) ("A party to an existing contract may modify that contract only with the assent of the other party to the contract. . . . Since the

---

[4] Energy West's new-found speculation that the written notice required under the 2011 Term Sheet may have been provided to USPF and LBE prior to the expiration of the due diligence period also begs the question of why Energy West has sought leave to file a proposed supplemental complaint alleging a claim against LBE of tortious interference with a *prospective* contract. (Supp. Compl. ¶¶ 81-86.) If Energy West had provided timely notice under the 2011 Term Sheet (and of course it did not), then any claim against LBE would necessarily arise under that term sheet and would sound in contract, not tort.

record does not reveal that plaintiff assented to the contract modification proposed by defendant, defendant's attempt to modify the terms of plaintiff's existing contract was ineffective."); *Nagle Heating & Air Conditioning Co. v. Heskett*, 66 Ohio App. 3d 547, 550, 585 N.E.2d 866, 868 (Ohio. Ct. App. 1990) ("A contract cannot be unilaterally modified.  In order to modify a contract, the parties to that contract must mutually consent to the modification.").

Those e-mails relied upon by Energy West as evidence of the alleged amendment of the 2011 Term Sheet make it perfectly obvious that the parties recognized that no such amendment could be effective without the agreement of LBE. (Energy West's Opp. at 2-3.)  For example, an August 12, 2011 e-mail sent by Michelle Brauner of USPF to Russell Ciphers of Energy West confirmed USPF's "willingness to extend the due diligence and exclusivity period to September 15," but noted that USPF and Energy West did not yet have the "sign off" of "all necessary parties."  (Tomaszewski Decl. Exh. 1.)  Similarly, by e-mail dated September 15, 2011, Andrew Schroeder of USPF responded to Gregory Osborne of Energy West that "[w]ith respect to the exclusivity extension, I'll ask our attorney to draft the necessary paperwork to circulate to all parties, including LBE given their consent right to the exclusivity." (Tomaszewski Decl. Exh. 5.)

As Energy West admits, LBE never consented to such an amendment and, accordingly, the 2011 Term Sheet expired without any further obligations among the parties *except* Energy West's binding obligation to file the stipulation of voluntary dismissal of this action and deliver the executed release to USPF.  (Supp. Compl. ¶ 48; Exh. D at §§ 4, 9.)

## II.

## USPF'S RIGHT TO DISMISSAL OF THE COMPLAINT WITH PREJUDICE REMAINS UNAMBIGUOUS UNDER THE PLAIN LANGUAGE OF THE 2011 TERM SHEET

Energy West argues that "Section 9(b)(ii) of the 2011 Term Sheet indicates that [Energy West] was, and is, not under any contractual obligation to dismiss this litigation." (Energy West's Opp. at 5.) Energy West further accuses USPF of "conveniently" failing to "quote or address Section 9(b)(ii) of the 2011 Term Sheet" and instead "hiding the language behind an ellipsis." (*Id*.) In fact, there is a simple explanation for why USPF's opening brief did not quote from Section 9(b)(ii) of the 2011 Term Sheet: that sub-section has no possible relevance here because Energy West failed to provide the requisite written notice before the expiration of the due diligence period. Section 9(b) of the 2011 Term Sheet reads as follows:

> "(i) Upon expiration of the Due Diligence Period pursuant to Section 4 hereof, or (ii) *in the event [Energy West] delivers to LBE the Notice prior to the end of the Due Diligence Period, upon LBE and [Energy West] entering into a definitive agreement in respect of the Proposed Transaction or upon [Energy West] terminating discussions without reasonable cause before entering into any such agreement*, [Energy West] will file a Stipulation of Dismissal of all claims made by [Energy West] against USPF in [this] Litigation, with prejudice, and provide USPF and its affiliates a complete release from any and all claims [Energy West] may have in respect of any prior dealings with USPF or its affiliates relating to the Loring BioEnergy project. Forms of the Stipulation of Dismissal and USPF Release are attached hereto as Exhibits B and C, respectively." (Exh. D at § 9(b) (emphasis added).)

On its face, Section 9(b)(ii) can only apply "in the event [Energy West] delivers to LBE the Notice prior to the end of the Due Diligence Period." (*Id*.) As set forth above, Energy West admits that LBE never agreed to any extension of the due diligence period and that Energy West declined to provide written notice to USPF and LBE prior to the expiration of that period. (*See* Section I., *supra*.) Thus, Section 9(b)(i) controls here and compels the immediate dismissal of this action. (*See* USPF's Br. at 4-6, 12-13.)

## **CONCLUSION**

For the foregoing reasons and those set forth in its opening brief, USPF respectfully requests that the Court grant (i) USPF's motion to dismiss the complaint with prejudice; and (ii) any and all other relief that the Court deems just and proper.

Dated: December 20, 2011

          VORYS, SATER, SEYMOUR & PEASE LLP


        By  *s/ John Winship Read*
          John Winship Read (0030827)
          Heather M. Lutz (0082237)
        2100 One Cleveland Center
        1375 East Ninth Street
        Cleveland, OH  44114
        Tel.:  (216) 479-6100
        Fax:  (216) 479-6060
        E-mail:  jwread@vorys.com
           hmlutz@vorys.com

        Of Counsel:

        Thomas J. McCormack
        Robert Kirby
        *Admitted Pro Hac Vice*
        CHADBOURNE & PARKE LLP
        30 Rockefeller Plaza
        New York, NY  10112
        Tel.:  (212) 408-5100
        Fax:  (212) 541-5369
        E-mail:  tmccormack@chadbourne.com

        *Attorneys for Defendant*
        *United States Power Fund, L.P.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was sent via the Court's electronic filing system to all parties of record with the Court on December 20, 2011.  Notice of this filing will be served to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                         *s/ John Winship Read*
                                         John Winship Read (0030827)